Let's wait just a minute. Yes, your honor. I'll grab a drink of water. Okay, Ms. Vega. Good morning, your honors. May it please the court. I've prepared to address first the statutory maximum exception, then the minor association ban, and finally the financial disclosure condition, although I'm happy to take those topics in whatever order the court prefers. But hearing no questions, I'll jump right first to the first issue, and that is I'm asking this court to hold, as it did in United States v. Higgins, that 18 U.S.C. § 3583D sets forth the statutory maximum when it comes to conditions of supervised release, and that consequently an appeal waiver that has a statutory maximum exception includes within the reservation of rights any 3583D challenges to conditions of supervised release. Help me understand your reading of Higgins. So you say we need to follow the holding of Higgins. Obviously, I'm sitting with the author of Higgins today, so there's a little of me telling Noah about the flood. But maybe you can tell us how you understand that case to support you, given that the appeal waiver was enforced. Yes. So first, I want to state a basic principle of what is dicta and what is not dicta. So in United States v. Segura, this court stated that a statement is dicta if it is not necessary to the result or doesn't, is not an explication of the governing rules of law. So in Higgins, the defendant put forth a challenge to conditions of supervised release that were not rooted in the statute. They were rooted in the pronouncement requirement, which in United States v. Stiglitz, this court made clear en banc, that is rooted in due process, excuse me, and the constitutional right to be present at sentencing. So it's not rooted in the statute. Because it was not rooted in the statute, Higgins concluded that that assertion was not within the scope of the reservation of rights. Simply put, it wasn't tethered to the statutory limits. This helps understand, some basic principles helps understand that point. So first, a defendant's sentence does unambiguously include conditions of supervised release. I think everybody agrees on that. Conditions of supervised release do impose substantial restraints on liberty. And they are not, albeit given to the district court wide discretion, they are not unfettered or unbounded. There are statutory limits. The government does claim that Higgins is a violation of the rule of orderliness. I'll just address that as well. In United States v. Scallon, it was a pro se appeal. The defendant, who was pro se, did not invoke the statutory maximum exception, did not brief the statutory maximum exception. His argument focused on United States v. Cooley, which is a 3582C2 motion case where the denial was held to be outside of the scope of the waiver. Scallon, in the panel's own words, addressed the, quote, narrow question, unquote, on whether a 3583E2 motion that was denied and thereafter appealed fell within the scope of the waiver. It held that it did because it was different from a 3582C2 motion. It was a direct attack on the initial sentence. And then it had no reason and no interpretation, no consideration at all of the statutory maximum exception. In fact, in the only two places where it noted its existence was when it was quoting the appeal waiver in full and when it cited approvingly United States v. Hartshorn, which actually held in my favor, in Mr. Hackney's favor, held the same way as United States v. Higgins. It was an unpublished case. Yes. So I have not yet heard how Higgins helps you, but you did bring up the rule of orderliness. Yes. And I guess my question to you is if we're going to go back to the beginning to try to understand our court's approach to the statutory maximum exception to an appeal waiver, why don't we start with Bond? Sure. Because Bond says that that means the upper limit of punishment that Congress has legislatively specified for violations of the statute. So what is the upper limit of punishment that Congress has specified for a violation of 18 United States Code 2251 and 18 United States Code 2252A, your client's two convictions? So I think it's important, as this Court stated, to go back to principles. So United States v. Bond had to do with a challenge to the term of imprisonment. And what the defendant was arguing there was that the statutory maximum, as that language was used in United States v. Booker, supplanted the ordinary meaning, which was the legislative limits. And that's what was decided in Bond. Conditions of supervised release were not set forth in Bond. And I'd say that the congressional limits that were imposed is, as this Court recognized in Diggles, as this Court recognized in Duke, they are set forth in 3583D. I do want to note that if... Was there an appeal waiver in Duke? I don't recall. I don't believe that there was an appeal waiver, but Duke is very clear that the discretion is curtailed by statute. Let me ask you this way. Where would I look in Title 18 to find, quote, the upper limit of punishment that Congress has legislatively specified for violations of a statute? That's the quote from Bond. We said it again in West last year. Where would I look for the upper limit that Congress legislatively specified for violations of a statute? That last part is the really important piece, I think. Well, the violation of the statute, a term of supervised release is authorized for the statute in 3583. And where would I look to find that? Where would I look to find that? I believe it's in 3583K. 3583K. Right. So in that section, it says that the term of supervised release is any term of years not less than five or life. So that's the statutory maximum. Right. But the statute also talks about conditions. That's what's tricky about supervised release. Supervised release, unlike a term of imprisonment, the statutory authority for the conditions of confinement does not belong to the sentencing court. The full decision of how long the term is going to be and what the conditions are do belong to the statutory, do belong statutorily to the sentencing court. And so that statute sets forth two maximums. It sets forth for the term, a numerical maximum, and it sets forth for the conditions, the standards that are in 3583D. I do want to point out that United States versus Higgins, even if the court does not agree with me that it already held this, it already decided this issue in my favor, does help illustrate a critical point, which is that there is a latent ambiguity in the phrase statutory maximum. United States versus Higgins was decided in 2014. This plea agreement was negotiated in 2025. And the government chose to step with that language. Unlike restitution, unlike mandatory assessment, there is no paragraph in this plea agreement specific to conditions of supervised release. There is no textual exemption of conditions of supervised release from the statutory maximum. What we have is sentence exceeding the statutory maximum. No one disputes that sentence includes conditions of supervised release, but now they are claiming, despite Higgins in hand, that Mr. Hackney was supposed to have had notice from the text of the agreement itself that conditions of supervised release and the statutory maximum for was exempted from statutory maximum. They have no textual hook for that. So at minimum, Higgins proves the ambiguity in the plea agreement and proves that it needs to be enforced to the benefit of Mr. Hackney and against the government who drafted the agreement. Let me ask you a hypothetical question. Congress says that the violation, the statutory maximum for a violation of 841, a particular violation, let's just say it's whatever, methamphetamine possession, say it's a minimum of 5, not more than 40 years, just hypothetically. So it goes to sentencing and there's a plea waiver, there's an appeal waiver and a plea agreement. It goes to sentencing, district judge says, I'm going to sentence you to 10 years. Okay? So obviously within the 5 to 40. But there's a question about the thoroughness with which the district judge assesses the 3553A factors. Maybe it doesn't say enough about the nature and circumstances of the offense. Maybe it doesn't say enough about the characteristics of the defendant. Maybe it doesn't say enough about public safety. So the defendant notices an appeal and says, you didn't do the 3553A factor analysis correct. It's pure procedural reasonableness challenge. Appeal waiver or not? Well, yeah, that would not be a statutory maximum exception. Interesting. So what is the difference between 30, not what I thought you were going to say. What is the difference between doing 3553A balancing and a term of imprisonment versus the four factors that you identify for doing a 3583D factors for supervised release conditions? I think that is a comparison of apples and oranges and here's why. First, conditions of supervised release, as I stated, is within the exclusive authority of the sentencing court. That component of the imprisonment sentence does not belong to the sentencing court. Number one. I'm sorry, I don't understand. What doesn't belong to the district court? So supervised release, a sentence of supervised release has two components when you're considering the severity of the sentence. The first is the duration. The second is the conditions. You don't have something comparable to that with imprisonment. With imprisonment, all you have is the duration. That's what the sentencing court decides. Number one. But all three of these are in the sentencing court's discretion. So I'm not trying to understand why we're apple and oranging any of it. The district court decides all three of those things. Term, supervised release term, and conditions. So what's the point? Right. But my point is that when it comes to conditions of supervised release, that is something that is within the sentencing. It's what I've been harping on throughout, which is that a sentence of supervised release has two components to it. It has two maximums. The other thing is that a 3553 parsimony clause challenge has to come up against the fact that there is another quote statutory maximum that could be decided or that could be looked to in discerning the party's intent. We don't have that here. All we have is 3583D. There is no other statutory limit to conditions of supervised release. 3553 is absolutely a limit on the district court's discretion to impose a term of imprisonment. I'm not disputing that, Your Honor. What I'm saying is that there are several limits. I'm sorry. That's okay. I did not mean to talk over you. That's okay. Why don't you finish your sentence first? There are several limits from which to choose from. When a court is reviewing de novo, well, what did the parties mean when they said statutory maximum? They can look to the 5-40 that is in 841A or they can look to the parsimony clause in 3553A. It would make sense under those two options to pick the 5-40 given that that is the upper limit that Congress has legislatively specified. There is no option B when it comes to conditions of supervised release. Congress has said you can impose a term of imprisonment, but you have to do 3553A analysis. So that's a statutory limit. We've said, as you know, in West-Layal-Wenshul, we said that when it comes to doing proximate cause analysis under Paroline for restitution amounts, if you don't do the procedural reasonableness of it correctly, then that's not subject to an appeal waiver. It's a statutory maximum violation. So why not just have one universal rule that applies throughout the Fifth Circuit that says all procedural reasonableness challenges fall outside the statutory maximum exception and gut these appeal waivers? Why not do that? Because we could do it for your restitution condition. I'm sorry, your supervised release conditions. We've already done it for restitution. And all I'm asking is why can't I add 3553A as to the term of imprisonment too? I think where the point of departure is between us, is that I think that this, well, first, a procedural reasonableness claim is not what Mr. Hackman is asserting here. So whether the court wants to go that route, it's not going to be responsive to his argument here, which is that the statutory maximum is set forth in 3583D for special conditions of supervised release. So when it comes to procedural reasonableness, indeed, Higgins is a great example of that. We are not saying that the statutory maximum exception captures all illegal sentences. Maybe that's what the court is getting to. United States versus Higgins is a good example of what is still waived because it's not tethered to the statute. United States versus Ortiz, I believe, is another example where it was a delegation order that was raised. I mean, a delegation challenge that was raised and that was deemed to be waived by the appeal waiver because it's not tethered to the statute. What do you do with the Yippee-Ki-Yoo case? That case, Your Honor, violates the rule of orderliness. It follows United States versus Higgins, and it doesn't even explain why it's departing. It cites Higgins for the starting analysis, which is that sentence includes conditions of supervised release. Let me mention why specifically I'm asking you about that. As you know, the government in its brief relies heavily on Yippee-Ki-Yoo, in fact, so heavily that it's listed as passing rather than giving page numbers. You had an opportunity and you did file a reply brief, but you didn't even mention that case. I'll just say, as a judge who's been around here for a while, that always raises a red flag for me when the government or any appellee relies heavily on a case, and then the reply brief doesn't even mention it. That indicates to me that you're trying to avoid our attention to that case rather than addressing it as you just did when I asked you the question. Well, respectfully, Your Honor, I addressed Yippee-Ki-Yoo in the initial brief, so I try not to repeat arguments that I make in the initial brief and the reply brief. Perhaps I should have added a footnote explaining that that case was addressed in the initial brief, but I addressed it head-on in the initial brief and explained that there were three reasons why this court should not follow it, the first one being that it violated the rule of orderliness, the second one that it wasn't persuasive with respect to how it departed from United States Higgins, it didn't explain why it departed from United States versus Higgins, and number three, that it was not consistent with the restitution jurisprudence from this court, which does enforce the statutory maximum exception with respect to statutes that state the statutory maximum in a case. Good morning. May it please the court, Amber Grand for the United States. The government believes the record and police supports the conditions of supervised release here, but the court shouldn't even reach that question. The court should enforce the strategically negotiated, knowing and voluntary appeal waiver. There was a benefit to the bargain, wasn't there? Absolutely, and he's already realized the benefit to that bargain. He was allowed to plead to a single count of production of child pornography and a single count of production when the evidence showed that he in fact produced hundreds of images of sexual assault and victimization of young children. He took the benefit of that bargain in full and now asks this court to apply a strained interpretation of the narrow statutory maximum exception to his appeal waiver so that he can bootstrap claims of substantive reasonableness with regards to two terms of his supervised release, but eight courts of appeal and this court in Yipping Q have already rejected that strained interpretation and found that statutory maximum applies to a quantifiable term and that conditions of supervised release do not raise a quantifiable challenge, so they're barred by the appeal waiver. This court should accept the persuasive reasoning of Yipping Q and dismiss the claims here. There are three common threads that run through the courts of appeal and this court's reasoning in Yipping Q. The first is we apply basic contract principles to ascertain the intent of the parties. United States versus Rubo, which the court relied on heavily in Bond, said this is not a matter of legal research. It's a question of the party's intent and the best evidence of the party's intent here is the plea agreement itself, both its content and its structure. Paragraph three sets forth the statutory penalties and it does so in a purely quantifiable way. I believe it's 15 years to 30 for count one for the custodial sentence with five years to life for supervised release and then five years to 20 for count two with again five years to life for supervised release. That paragraph says maximum penalties and then only gives quantifiable numbers. The very next paragraph, paragraph four, the defendant says he fully understands that the actual sentence imposed is solely in the discretion of the court so long as it is under those quantifiable maximums. And then of course we go to paragraph 13 where the defendant affirmatively waives his statutory right to appeal the district court's exercise of that discretion. Again, with the only carve out being the statutory maximum limits that Congress has specified. So the plea agreement shows that parties didn't intend some specialized meaning for the phrase statutory maximum. That brings me to the second common thread in these decisions which the court in Yipping Q said pretty succinctly that the term statutory maximum generally denotes a period of time seems obvious. Yipping Q was citing the court's decision in Bond. Bond relied on United States versus Rubo. They're the court and it's been saying for over 20 years that statutory maximum means that upper limit of punishment that Congress has legislatively specified. That is a quantifiable term. It does not apply to the discretionary terms that come into play whether it be 3553 discretionary factors which this court already rejected in United States versus Ramirez or the 3583 discretionary factors which the court rejected in Yipping Q. The final thread that underscores all of this precedent is that claims that a sentence exceeds the limits of the law are materially different from claims that a sentence exceeds the statutory maximum. Those two things are not the same and the court in Yipping Q and Judge Oldham in your dissent to the denial of rehearing on Bonk in United States versus West set forth a long list of ways in which a defendant can say their sentence is quote illegal, exceeds the limits of the law, but does not invoke the statutory maximum. And that's where United States versus Higgins comes into play. And I do acknowledge that I am standing in front of the author and so hopefully my interpretation is in line with that. But Higgins said sure 3583D limits the discretion of the court in imposing conditions but unless you raise a challenge to those conditions in a way that invokes the statutory maximum you do not fall under the exception to the appeal waiver. So unless you rely on 3583C which has quantifiable terms or J or K which set the upper limit for supervised release terms then you are not invoking a claim under the statutory maximum and your appeal is barred by the waiver. Your conditions are simply not appealable. So Higgins is completely in line with the government's position that they take in this case and it does not conflict with Yipping Q. There's no ambiguity in the plea agreement. There's no reason to change the language of an agreement. The parties said what they meant and they meant what they said and the defendant took the benefit of that bargain, represented to the court that he'd reviewed every paragraph of that plea agreement with his counsel that he was pleading guilty because it was in his best interest because he committed the offenses and many many more and he would waive he would let the district court have the final say. He would let the district court decide under his discretion and this court would be he would not be able to bring any disagreement with that discretion to this court. The government is simply asking for the court after he has accepted the benefit of that bargain to hold him to his end of the deal. Counsel, does the government have a position on whether our restitution cases, Loyal, Winchell, West are consistent with the rule of orderliness under bond? Because you have to at least admit that Loyal, Winchell, West take a view of statutory maximum that is different than what you're arguing today. It is unique given that restitution is quantifiable in a different way. I agree that bond controls, let me just say that to answer your question, bond controls. The government has argued and I unfortunately or fortunately have a lot of experience. I was on West and Alfred and Winchell and so I can tell you that we have been fighting for 10 years to get the appeal waiver enforced in the constitution of in the context of restitution and it has been an uphill battle. Time and time again the government has argued that the appeal waiver should bar district should bar appeals of the restitution orders because the plea agreement specifically says as determined by the district court at the discretion of the district court and so the government's position is very much so that bond should control and that those appeals should likewise be dismissed. I understand that there's binding precedent in this court that if you're lacking approximate cause analysis that that somehow makes the sentence invokes the statutory maximum but the government's position would be that bond would be controlling and that those appeals are waived. We very much disagree with expanding the case law around restitution to any other area. It is incredibly difficult to advise our trial teams as to what they should do to make our appeal waivers more enforceable to work with our district courts and our probation officers to get the right information in the PSR to get the right findings made at sentencing to get the right analysis on the record only to move to dismiss an appeal and be told sorry you're going to have to litigate it on merits. So but I'm sort of curious I've been for several years why the government doesn't just insist on a much longer agreement that would waive and be more specific about exactly what is being waived. In the context of sentencing or restitution specifically. Either one. All of it. I do think in large part the government's position is the agreement is unambiguous. It says sentence. It says conviction. It says sentence. But you know the court courts haven't done that consistently. Right. There's a danger with adding specificity to an agreement without opening more doors and windows to saying if it's not specified it must be excluded and so the government has tried to maintain a position on these plea agreements that is consistent that if the terms of the appeal waiver do not apply to the claim that's being raised it's barred and the hope would be that as this court consistently enforces those waivers and as the waiver practice consistently has more results we see less and less of those claims. In the event that a claim like this were to succeed where you're just waging a substantive reasonableness challenge to a couple of terms of supervision no doubt the floodgates would open if we were to call that a statutory maximum claim. This is a run-of-the-mill substantive reasonable challenge in terms of the merits of that challenge the government would rely largely on its briefing but there's no binding precedent to say that a 15-year limit on continuous contact with minors where you have a hands-on offender who is violating these children in the presence of a trusted adult would somehow be per se illegal. There's no binding precedent to that effect so you couldn't have plain error anyway. There's no binding precedent to say that a financial disclosure condition is improper when you have a defendant who's ordered to pay the cost of computer monitoring who's ordered to share the cost of treatment after his release. Mendoza is a published decision but the court specifically said there are no financial obligations beyond the $100 special assessment. So even if we were to get to the substantive merits of these claims there's no showing that they're somehow plainly egregious but they're certainly not statutory maximum claims which is why the court should apply the appeal waiver and hold that they are dismissed. Counsel you're obviously right that the that the supervisor release term is part of the sentence both because we've said that in binding cases and also as you point out paragraph three and four of the plea agreement make it as a matter of contract here. I take your friend on the other side to say well fine that applies to the whatever five to life but it doesn't apply to the conditions. So I guess my question is could you have a supervisor lease term without conditions? Could I just say if I was a district judge you have a 15-year supervisor lease term but no conditions on it? You couldn't because the defendant would have no notice of how they might possibly be in violation and then be revoked and placed back in prison. So you would have to have conditions. And I guess the statute imposes some mandatory ones. It does. So what about I could you say that the um I'm forgetting the nomenclature special there's there's mandatory standard special there's all kinds of different categories of them. What about the ones that are not statutory conditions? The discretionary and special conditions. Sure. You could in theory only apply the mandatory conditions but I can't say that I've ever seen that done. Typically the district courts and the probation officer will look at the 3583 factors incorporating 3553 and figure out exactly what the history and characteristics of the defendant the offense characteristics what is the best way to protect the public and ideally keep the defendant from re-offending. And that's exactly what the court did in this case. So the interesting thing is that each of those those eight courts of appeal decision that I referenced they all talk about the fact that of course you have conditions and of course in in those cases all of the conditions that were challenged I believe were discretionary. But the point was as long as the term of supervision was under that statutory maximum ceiling the conditions were simply not appealable. They're just they're out you don't get to appeal the condition you don't get to appeal the terms you can only appeal the ceiling on the term of supervision and that's it that's the bargain that he entered into and received a tremendous benefit for. If there are no further questions the government would rely on its brief for the remainder and ask the court to dismiss these claims as barred and in the alternative to affirm. All right thank you Ms. Graham. Ms. Vega for rebuttal. Yes your honors I'm going to focus my remarks on the appellate waiver because that seems to be what's on the judge's minds. Okay so first Judge Smith y'all um Judge Smith your question with regard to why does the government not write a better appeal waiver or a better plea agreement given the holdings by very by this court in United States versus Higgins applying statutory maximum to conditions of supervised release and that's precisely my point. Statutory maximum does not unambiguously and that's what the government needs to prove here unambiguously refer to just numerical limits in common parlance you could say maximum comfort, maximum luxury, maximum effort, maximum potential those are all regular ordinary usage words of maximum. The government could have a paragraph a definition section in their plea agreement it doesn't it tries to say that sentence paragraph three is a definition um section it's not title definition it doesn't even use the phrase statutory maximum it only uses the phrase maximum penalties and that tracks what rule 11 says so clearly the intent of that paragraph is to meet what rule 11 requires um in terms of making sure that there's a voluntary plea and uh there's no condition of there's no paragraph adjusting conditions of supervised release at all the government does do that with respect to restitution the government does do that with respect to assessments it's not doing that with respect to conditions of supervised release and then lastly the paragraph three obviously cannot be a definition because paragraph 12 which is I believe where the waiver of appeal um presents itself it says you're waiving sentence comma uh restitution and an amount to be determined by the court fine all of those are components of the sentence that are under this the paragraph heading of uh paragraph three so paragraph three simply put does not provide the definition that the that the government is not trying to claim that it does uh with respect to statutory maximum now in united states versus higgins it's uh the government's now claiming that 3583d standards were not the statutory maximum for conditions of supervised release because it didn't the challenge didn't uh invoke it in a way that violated the statutory maximum uh respectfully I think that's a very strained reading of united states versus higgins I think it's pretty clear that's not what higgins was saying because higgins quoted in full the standards set forth in d2 and then it explained that the challenge being brought which was premised on pronouncement complex not on the statutory limits didn't assert a statutory maximum exception I don't think there's a uh dispute about the applicability of bond united states versus bond said that the ordinary term or the ordinary definition of the term was the upper limit of punishment that congress legislatively specified that upper limit of punishment is in 3583d we are not saying that any and all challenges to conditions of supervised release can be brought united states versus ortiz I believe was a delegation case that couldn't be brought united states versus higgins itself pronouncement that can't be brought we're not saying that statutory maximum equals illegal and um I'm sorry and with respect to uh united states versus mendoza on the financial disclosure condition the government pointed out that there were uh that united states versus mendoza um talked about the special assessment it also talked about the fact that there was an indigency finding the court found that to be an important part of the picture we also have an indigency finding here it cannot be that payment obligations attached to treatment conditions further the statutory purposes if the if the defendant attends treatment but then doesn't pay for it I don't think any court would on that basis because the statutory purposes are being fulfilled when the person attends treatment um and unless the court oh finally I'm sorry the the government claims a lot oh the benefit of the bargain the benefit of the bargain the government negotiated this agreement they've gotten the benefit of the bargain by being able to assert this um argument in the first place the reason why it's gotten to where it is is because they didn't write a good plea agreement that's not Mr. Hackney's fault we'd ask the court to reach the merits of the issues and find that the court abuses discretion with respect to both conditions modify the association ban to include a probation officer carve out and strike the financial disclosure condition thank you thank you miss vega your case is under submission final case what you did